UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| XZAVIER OYD LARAY MICHAEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CV422-303 |
| ) | |
| SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Xzavier Oyd LaRay Michael moved to proceed *in forma pauperis* ("IFP") in this action seeking court review of a decision by the Commissioner of the Social Security Administration. Doc. 1 (Complaint); doc. 2 (IFP application). Because Plaintiff did not appear indigent but did show a limited ability to prepay the required fee, the Court permitted him to pay the filing fee in four monthly installments. *See* doc. 8. He was directed to pay the first $100 installment within 30 days of the Court's Order, and then each subsequent payment no later than 30 days after the prior payment, until the full $402 fee is paid. *Id.* at 1-2. He was further directed to pay the full $402 fee by June 27, 2023. *Id.* at 2.

Although he got a late start, Michael paid the first two installments. *See* docket entries dated April 7, 2023, and May 5, 2023. However, over 60 days have elapsed since his last installment payment, and two weeks have elapsed since his deadline to pay the full filing fee. *See generally* docket. Plaintiff was warned twice about the consequences of failing to comply with the Court's payment instructions. *See* doc. 5 at 3; doc. 8 at 2. He was cautioned that his "failure to remit the full filing fee within the time provided may result in dismissal of this case." Doc. 8 at 2. He did not comply; instead, he has moved for a retroactive extension of time to pay the balance of the filing fee. *See* doc. 9.

Retroactive extensions are prohibited by the Federal Rules, except in cases of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.' " *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note). "When considering whether a

party can show excusable neglect, the Court should consider the following factors: (1) prejudice to the nonmovant, (2) length of the delay and impact on the proceedings, (3) reason for the delay, and (4) whether the movant acted in good faith." *Est. of Ellis v. Am. Advisors Grp., Inc.*, 2021 WL 5236019, at *1 (S.D. Ga. Mar. 30, 2021) (citing *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015)). "[T]he party seeking an extension of an expired deadline . . . bear[s] the burden of showing both good cause and excusable neglect." *Id.* at *1.

Michael's motion does not meet that standard. *See* doc. 9. It does provide some information about why he has not paid the final two installments, explaining he "has no extra funds outside of his living expenses to satisfy the fee at this time." *Id.* at 1. He is spending his income "over and above his bills to fix his twenty-three-year-old corvette" which suffers from maintenance issues. *Id.* However, the motion does not provide any explanation for the significant delay that elapsed between his last installment payment on May 5 and his motion filed on July 11. *See id.* Therefore, it does not show that Michael has been diligent in meeting his Court-imposed obligations. *Sosa*, 133 F.3d at

3

1418. Since he has not provided any reason for his delay, Michael's motion should be **DENIED**. Doc. 9.

Additionally, as forewarned, Michael's case should be **DISMISSED** for his failure to comply with the Court's Order and his failure to timely pay his filing fee.[1]  *See* docs. 5 & 8. The Federal Rules provide that "[i]f a plaintiff fails to prosecute or to comply with these rules or a court order," an action may be dismissed. Fed. R. Civ. P. 41(b). "A district court may sua sponte dismiss an action under Federal Rule of Civil Procedure 41(b) for the plaintiff's failure to comply with a court order." *Royster v. Darling*, 195 F. App'x 537, 538 (8th Cir. 2006). This Court's Local Rules authorize dismissal for "[w]illful disobedience or neglect of any order of the Court." S.D. Ga. L. Civ. R. 41.1(b). Finally, "[t]he district court's power to dismiss is an inherent aspect of its authority to enforce its orders . . . ." *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006). Particularly relevant to this case, the Eleventh Circuit has explained that "[d]ismissal pursuant to Rule 41(b) 'upon disregard of an order, especially where the litigant has been forewarned, generally is

---

[1] Michael has paid $200 out of the $402 owed for his filing fee.  *See* docket.  If the District Judge agrees with this recommendation, he should also direct the Clerk to return the partial payments.

not an abuse of discretion.'" *Brown*, 205 F. App'x at 802 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 12th day of July, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA